lmv

14

United States District Court
Southern District of Texas
ENTERED

NOV 20 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ALEJANDRO SIERRA                *

    VS                        *   C.A. NO. B97 081

GARY JOHNSON, DIRECTOR           *
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

---

ALEJANDRO SIERRA, Pro Se

Attorney General (James E. Custer, Assistant Attorney General),
Attorney for Respondent

### MEMORANDUM ORDER

Before this Court is Petitioner's, ALEJANDRO SIERRA, Writ of Habeas Corpus filed pursuant to 28 U.S.C. §§ 2241, 2254. Ordered to respond, the TEXAS DEPARTMENT OF CRIMINAL JUSTICE has filed its Motion for Summary Judgment.

This Court has read the parties' pleadings, considered the issues raised in light of the record and the applicable law, and is of the opinion that Respondent's Motion for Summary Judgment

should be granted. In support of the aforementioned opinion, this Court files the following findings of fact and conclusions of law.

## Findings of Fact

1. ALEJANDRO SIERRA was charged by indictment with aggravated robbery. SIERRA pled not guilty at trial, but the jury convicted him as charged and sentenced him to 40 years in prison and a $5,000 fine. The Texas court of Appeals affirmed SIERRA's conviction and the Texas Court of Appeals refused SIERRA's petition for discretionary review on September 30, 1992.

2. Thereafter, SIERRA filed a post-conviction application for writ of habeas corpus under Tex. Code Crim. Proc. art. 11.07 (West 1996). The trial court entered findings of fact and conclusions of law denying SIERRA's state writ application. Thereafter, the Texas Court of Criminal Appeals denied SIERRA's application without written order.

3

3. The record shows the following factual scenario:

About 11:00 p.m. on January 25, 1991, a man carrying a sawed-off shotgun entered the Expressway Grocery Store and demanded money from the store owner, Luis Carlos Duran, Sr. (Carlos). Also in the store at that time, were Luis' two sons, Luis Carlos, Jr. (Luis), and Luis Alberto, and one of their friends, David Valladarez. When Carlos hesitated, the man grabbed Luis, shoved the shotgun in his back and again demanded money. After Carlos gave the man about $200, the man released Luis and ran out of the store to a white car parked alongside the highway.

At trial, three of the four witnesses identified Sierra as the robber. Although all of the witnesses testified that the robber wore a stocking over his face during part of the robbery, each witness stated that he saw the robber's face during part of the robbery, each witness stated that he saw the robber's face before he pulled the stocking down to cover it. In addition, Carlos testified then he recognized the robber because he had seen him in the store on two other occasions.

Detective Frank Garza also testified at Sierra's trial. Detective Garza explained that he investigated the robbery and prepared a photo lineup to show the witnesses. Detective Garza testified that he showed the photo lineup of Carlos, Luis and Luis Albert, and that all three of them identified SIERRA as the robber. The state moved to admit the photo lineup into evidence, but SIERRA objected on the ground that the exhibit was "unfair and highly suggestive." The court overruled SIERRA's objection and admitted the lineup into evidence.

4

4. In the instant § 2254 Petition, SIERRA raises the following allegations:

   (1) He received ineffective assistance of counsel at trial because counsel failed to interview witnesses; prepare for trial, investigate, make objections and preserve errors on appeal;

   (2) The trial court erred in

      (a) receiving prejudicial testimony concerning the identification of SIERRA;

      (b) failing to dismiss the indictment when the prosecutor invited the jury to consider Texas parole law in assessing SIERRA's punishment; and

      (c) failing to suppress his confession.

## Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties, pursuant to 28 U.S.C. §§ 2241, 2254. Petitioner has exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b) and (c).

2. SIERRA filed the instant petition for federal habeas relief on April 15, 1997; therefore, his petition is subject to review under the Antiterrorism and Effective

5

Death Penalty Act of 1996 (AEDPA). <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2068 (1997) (holding the AEDPA applies to all non-capital habeas corpus cases filed on or after its effective date of April 24, 1996.

3.  Title 28, Section 2254(d) of the United States Code now provides that a state prisoner may not obtain federal habeas corpus relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

4.  The state courts have already considered and rejected SIERRA's claims of ineffective assistance of counsel. <u>See</u> <u>Ex parte</u> <u>Sierra</u>, Application No. 31,006-01 at cover, 27-29. Hence, this court cannot grant federal habeas relief on SIERRA's claims unless he can demonstrate that the state court's adjudication either was contrary to or

6

involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

5. First, SIERRA argues that counsel failed to investigate his case. He does not explain what further investigation would have revealed, nor does he identify any potential witnesses that counsel should have interviewed. These self-serving, conclusory allegations do not warrant federal habeas relief. <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

6. To the extent that SIERRA complains about counsel's failure to timely object to an impermissibly suggestive photo lineup and the resulting failure to preserve this error for appeal, his claim is likewise without merit. On state habeas review, the trial court explicitly found that SIERRA failed "to establish that the photo spread was impermissibly suggestive." <u>Ex parte Sierra</u>, Application No. 31,0065-01 at 28. The trial court also found that SIERRA did not present a "sufficient factual basis to conclude that a substantial likelihood of misidentification occurred or to question the reliability

7

of the identification." <u>Id.</u>  Thus, the trial court and the Texas Court of Criminal Appeals concluded that SIERRA failed to demonstrate that counsel's performance was deficient.

7. SIERRA also contends that the trial court erred in receiving prejudicial testimony concerning the victims' identification of SIERRA.  Because the Texas Court of Appeals found that SIERRA had failed to properly preserve this error on direct appeal, this allegation is procedurally barred from federal habeas review.  Federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based it denial of relief on a state procedural default.  <u>Harris v. Reed</u>, 489 U.S. 255, 265, 109 S.Ct. 1038, 1043 (1989); <u>Michigan v. Chestnut</u>, 486 U.S. 567, 571 n.3, 108 S.Ct. 1975, 1978 n.3 (1988).

8. SIERRA voluntarily confessed to committing the aggravated robbery and his confession was admitted into evidence at his trial.  Hence, even without the witnesses' identification testimony, SIERRA identified himself as

the robber. Therefore, he cannot show prejudice as a result of counsel's failure to make a timely objection to the identification testimony. Moreover, he cannot seriously contend that a fundamental miscarriage of justice would result this Court's failure to review his claim.

9. SIERRA argues that the trial court should have dismissed the indictment when the prosecutor invited the jury to consider the parole law in assessing his punishment. When considering the issue of improper jury argument on federal habeas review, the relevant question is "whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, (1986). This Court finds it did not.

10. Finally, SIERRA contends that his confession was coerced because the police threatened to put his wife in jail and to take away his child. This claim is refuted by the record. However, Detective Garza testified that he did not threaten to put SIERRA's wife in jail or to take away

9

his children. The Texas Court Appeals found that this testimony contradicted SIERRA's assertion that his confession was coerced. This credibility choice is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). <u>Self v. Collins</u>, 973 F.2d 1198, 1214 (5th Cir. 1992) <u>cert. denied</u>, 507 U.S. 996, 113 S.Ct. 1613 (1993).

Because of the foregoing, it is **ORDERED** that:

1. Respondent's Motion for Summary Judgment be **GRANTED**;

2. Petitioner Writ of Habeas Corpus be **DENIED**; and

3. This cause of action be **DISMISSED with prejudice**.

DONE at Brownsville, Texas, this ___19___ day of November, 1998.

_____
Hilda G. Tagle
United States District Judge